IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ACHERON VENTURES LLC, | ) |
|             *Plaintiff*, | ) ) ) C.A. No. 3:25-cv-03568 |
| v. | ) ) |
| KUBOTA NORTH AMERICA CORPORATION and KUBOTA TRACTOR CORPORATION, | ) **JURY TRIAL DEMANDED** ) ) ) |
|             *Defendants*. | ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Acheron Ventures LLC ("Acheron" or "Plaintiff"), in its Complaint of patent infringement against Defendants Kubota North America Corporation and Kubota Tractor Corporation (collectively, "Kubota" or "Defendants"), hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for the infringement of United States Patent Nos. 10,119,511 (the "'511 Patent") and 10,781,782 (the "'782 Patent") (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

**Acheron**

2. Plaintiff Acheron is a Texas limited liability company having its principal place of business located at 17330 Preston Road, Suite 200D, Dallas, Texas, 75252.

3. Acheron is the owner of all rights, title, and interest in and to the '511 Patent and the '782 Patent.

1

**Kubota**

4. Upon information and belief, Defendant Kubota North America Corporation is a Delaware corporation with its principal place of business at 1000 Kubota Drive, Grapevine, Texas 76051.[1]

5. Upon information and belief, Defendant Kubota Tractor Corporation is a California corporation with its principal place of business at 1000 Kubota Drive, Grapevine, Texas 76051.[2]

6. Upon information and belief, Kubota does business itself, or through its subsidiaries, affiliates, and agents, in the State of Texas and the Northern District of Texas.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Kubota because it has its principal place of business in Grapevine, Texas, conducts business in Texas, and has committed acts of patent infringement in Texas, including making, using, selling, offering for sale, and/or importing tractors that include engine pre-overheat sensors and warning system technologies ("Accused Products") that infringe the Patents-in-Suit in the State of Texas and the Northern District of Texas.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Kubota has a regular and established place of business in this District and has committed and continues to commit acts of infringement in this District giving rise to this Action.

---

[1] https://www.kubota.com/network/index.html?ct=overseas&region=north_america (last accessed Nov. 21, 2025); https://www.kubotausa.com/docs/default-source/press-kit/kubota-headquarters.pdf?sfvrsn=85a74a6f_2 (last accessed Nov. 21, 2025).
[2] https://www.kubota.com/network/index.html?ct=overseas&region=north_america (last accessed Nov. 21, 2025); https://www.kubotausa.com/docs/default-source/press-kit/kubota-headquarters.pdf?sfvrsn=85a74a6f_2 (last accessed Nov. 21, 2025).

**FACTUAL BACKGROUND**

10. Mr. Jim Malesevich is the sole inventor of the Patents-in-Suit. Mr. Malesevich's inventive efforts were shaped, in significant part, by a tragic event he witnessed in the 1970s. During that time, Mr. Malesevich's friend's younger brother fell asleep while operating a vehicle, with his foot on the gas pedal. This resulted in a fire caused by engine overheating that tragically claimed the young man's life. This incident had a lasting and profound impact on Mr. Malesevich.

11. Over the following decades, Mr. Malesevich honed design and mechanical skills resulting in the Patents-in-Suit, which provide an early notification or warning when the tractor engine exceeds the normal or steady-state temperature, but has not yet reached the redzone temperature at which the engine is damaged. The Patents-in-Suit, and Mr. Malesevich's innovations contained within them, showcase the resilience and creativity of a true innovator. The Patents-in-Suit represent not only a solution for a long-standing problem, but also embody Mr. Malesevich's hard work, persistence, and ingenuity.

12. Kubota offers the Accused Products to its customers, employees, and/or third parties. The Accused Products include at least Kubota's BX23S Sub-Compact Tractor. The Accused Products include a pre-overheat system comprising a built-in temperature sensor that provides engine temperature readings in a running tractor, a warning alarm that provides a visual warning in the form of an illuminated indicator, and a controller that is configured to engage the warning alarm in order to notify a vehicle operator of rising temperatures before the engine is damaged.

## THE PATENTS-IN-SUIT

### U.S. Patent No. 10,119,511

13. On November 6, 2018, the PTO issued the '511 Patent, titled "Engine pre-overheat sensors and warning system." The '511 Patent is valid and enforceable. A copy of the '511 Patent is attached as **Exhibit 1**.

14. Acheron is the owner of all rights, title, and interest in and to the '511 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '511 Patent.

### U.S. Patent No. 10,781,782

15. On September 22, 2020, the PTO issued the '782 Patent, titled "Engine pre-overheat sensors and warning system." The '782 Patent is valid and enforceable. A copy of the '782 Patent is attached as **Exhibit 2**.

16. Acheron is the owner of all rights, title, and interest in and to the '782 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '782 Patent.

### COUNT I

### (Kubota's Infringement of U.S. Patent No. 10,119,511)

17. Acheron incorporates the allegations of the preceding paragraphs herein by reference.

18. **Direct Infringement.** Kubota, without authorization or license from Acheron, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '511 Patent, by making, utilizing, servicing, testing, distributing,

offering for sale, and/or importing the Accused Products, including those identified in **Exhibit 3**, which infringe at least charted Claim 1 of the '511 Patent literally or by the doctrine of equivalents.

19.  On information and belief, Kubota has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the '511 Patent, by internal testing and use of the Accused Products.

20.  As set forth in the claim chart of **Exhibit 3**, the Accused Products practice the technology claimed by the '511 Patent. Accordingly, the Accused Products identified in this chart satisfy all elements of charted Claim 1 of the '511 Patent.

21.  Acheron therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 3**.

22.  Acheron is entitled to recover damages adequate to compensate for Kubota's infringement of the '511 Patent and will continue to be damaged by such infringement. Acheron is entitled to recover damages from Kubota to compensate it for Kubota's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

23.  Further, Kubota's infringement of Acheron's rights under the '511 Patent will continue to damage Acheron, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT II

### (Kubota's Infringement of U.S. Patent No. 10,781,782)

24.  Acheron incorporates the allegations of the preceding paragraphs herein by reference.

25. **Direct Infringement.** Kubota, without authorization or license from Acheron, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '782 Patent, by making, utilizing, servicing, testing, distributing, offering for sale, and/or importing the Accused Products, including those identified in **Exhibit 4**, which infringe at least charted Claim 1 of the '782 Patent literally or by the doctrine of equivalents.

26. On information and belief, Kubota has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the '782 Patent, by internal testing and use of the Accused Products.

27. As set forth in the claim chart of **Exhibit 4**, the Accused Products practice the technology claimed by the '782 Patent. Accordingly, the Accused Products identified in this chart satisfy all elements of charted Claim 1 of the '782 Patent.

28. Acheron therefore incorporates by reference in its allegations herein the claim chart of **Exhibit 4**.

29. Acheron is entitled to recover damages adequate to compensate for Kubota's infringement of the '782 Patent and will continue to be damaged by such infringement. Acheron is entitled to recover damages from Kubota to compensate it for Kubota's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

30. Further, Kubota's infringement of Acheron's rights under the '782 Patent will continue to damage Acheron, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## DEMAND FOR JURY TRIAL

31. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the Patents-in-Suit are valid and enforceable;

B. A judgment that Defendants directly infringe one or more claims of each of the Patents-in-Suit;

C. A judgment that awards Plaintiff all damages adequate to compensate it for Defendants' direct infringement of each of the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement with respect to the Patents-in-Suit;

E. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' continuing or future infringement, up until the date such judgment is entered with respect to each of the Patents-in-Suit, including ongoing royalties, pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F. A judgment that this case is exceptional under 35 U.S.C. § 285;

G. An accounting of all damages not presented at trial; and

H. A judgment that awards Plaintiff its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by the Court.

Dated: December 31, 2025

/s/ Ari Rafilson
William D. Ellerman
TX Bar No. 24007151
wellerman@cjsjlaw.com
Ari Rafilson
TX Bar No. 24060456
arafilson@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PC**
8140 Walnut Hill Ln., Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

Mark Siegmund
TX Bar No. 24117055
msiegmund@cjsjlaw.com
Brett Mangrum
TX Bar No. 24065671
bmangrum@cjsjlaw.com
Shuya "Grace" Yang
TX Bar No. 24144144
gyang@cjsjlaw.com
**CHERRY JOHNSON SIEGMUND JAMES PC**
7901 Fish Pond Rd, 2nd Floor,
Waco, TX 76710
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

*Attorneys for Plaintiff Acheron Ventures LLC*